COY v. DONEY.

CANCELLATION OF INSTRUMENTS—DEEDS—MENTAL INCOMPETENCY—UNDUE INFLUENCE.

    In a suit to set aside certain deeds on the grounds that the grantor in the first deed was mentally incompetent to convey and was unduly influenced by the grantees, one of whom was grantor's confidential business adviser, the decree of the court below in favor of plaintiffs on the grounds alleged is affirmed, on appeal. FLANNIGAN, C. J., and FELLOWS and WIEST, JJ., concurring in the result.

Appeal from Hillsdale; Lamb (Fred S.), J., presid-

Cancellation of Instruments, 9 C. J. § 195; Deeds, 18 C. J. §§ 551, 552.

ing. Submitted October 14, 1927. (Docket No. 58.) Decided January 3, 1928.

Bill by Edwin Coy and another against George C. H. Doney and another to set aside certain deeds. From a decree for plaintiffs, defendants appeal. Affirmed.

*F. H. Stone* and *W. D. Grommon,* for plaintiffs.

*Bishop & Weaver,* for defendants.

McDONALD, J. The plaintiffs filed this bill to set aside two deeds of conveyance of real estate located in Reading, Hillsdale county, Michigan. The first deed is from Samuella Webster to one Allen G. Ludington. The second deed is from Allen G. Ludington to Samuella Webster, George C. H. Doney, and Lura Doney, his wife. The deed to Mr. Ludington was made so that he might reconvey to the other parties in joint tenancy. Both deeds were executed on the 14th day of March, 1922, and were recorded April 4, 1922. The theory of the bill is that, at the time of the conveyances, Samuella Webster was mentally incompetent to convey the property and was unduly influenced by the defendants. When these deeds were executed, Samuella Webster was the widow of Lester Webster, from whom she received the property. Later she married the plaintiff, Edwin Coy. The other plaintiff, Mary L. Kugler, is her niece. The plaintiffs are devisees under the will of Samuella Webster-Coy, and as such bring this action to have the deeds set aside so that the property may be returned to the estate. The defendants are husband and wife. Mrs. Doney was a relative of Mrs. Coy's former husband, Lester Webster, deceased. On the hearing, the circuit judge found that at the time of the conveyances Samuella Webster was mentally incompetent and was unduly influenced by the defendant George C. H. Doney. He entered a decree setting aside the con-

veyances. From this decree the defendants have appealed.

After hearing the testimony, the circuit judge filed an opinion as a basis for his decree, in which he said in part:

"At this time Samuella Webster was not insane as that term is ordinarily used. As applied to the ordinary affairs of her life she was mentally competent, but as applied to business matters she was incompetent to act to protect her own interests, and, as put by Dr. Sladen of the Ford Hospital, she needed some one in whom she could trust to guide and advise her. This is made plain by the fact that she was relieved from her position as administratrix of her husband's estate due to her incapacity to grasp to any appreciable extent the details of administration, and the further fact that she was, within ninety days of the date of the conveyances complained of, placed under guardianship, so far as her business affairs were concerned. That, at this time, she was under the fear and control of George C. H. Doney is plainly established; that anything he wanted her to do she did through fear.

"To all appearances, the attitude and conduct of the defendant toward Mrs. Webster, at this time, was kindly, yet one cannot read this record without reaching the conclusion that such attitude and conduct were exercised with an ultimate design upon the property of Mrs. Webster. The actions of defendant George C. H. Doney were not such as should be expected of a trusted friend and guide, one acting in a close fiduciary relation. The fact that he manipulated the transfer of the automobile and signed her name to the application, and the further fact that he used her own funds, that came to his hands in his fiduciary capacity, with which to put permanent improvements upon property which was ultimately to become his, are evidences of overreaching which a court of equity should not overlook."

The question involved is merely one of fact. It would serve no useful purpose for us to extend this opinion by an analysis of the testimony of the various witnesses. After seeing the witnesses and hearing

them testify, the circuit judge determined the issue against the defendants.    We have read the record and approve of his conclusions.

The decree is affirmed, with costs to the plaintiffs.

CLARK, BIRD, and SHARPE, JJ., concurred.

WIEST, J. (*concurring*).    I am not persuaded that Mrs. Webster was mentally incompetent to execute the deed.    Shortly after the deed was given, it is true, a guardian was appointed, but that was not because of mental infirmity but for lack of business capacity. Eighteen months after the deed Mrs. Webster was married to plaintiff Edwin Coy, who lived with her until her death.    Her guardian, at her request, procured an attorney to prepare the will under which plaintiffs claim, and that was done in December, 1923, or 19 months after she gave the deed, and the will was probated.    Statements made by Mrs. Webster that she feared Mr. Doney and had to give the deed could not be used to establish undue influence (*In re Allen's Estate*, 230 Mich. 584), and besides her letters to the Doneys wholly refute any such claim.

Mrs. Webster had no business capacity, and defendants were well aware of such fact, for Mr. Doney was her confidential business adviser at the time the deed was given.    Such fiduciary relation cast upon defendants the burden of showing that the taking of the deed was not unconscionable.    Under the circumstances disclosed by the evidence, the taking of the deed by defendants was unconscionable, and, therefore, I concur in the result of Mr. Justice McDONALD'S opinion.

FLANNIGAN, C. J., and FELLOWS, J., concurred.

The late Justice SNOW took no part in this decision.